UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LIONEL GIBSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:17-cv-00092-LJM-DKL |
| | ) | |
| THE GEO GROUP, | ) | |
| ANGIE PRICE, | ) | |
| KEITH BUTTS, | ) | |
| ROBERT BUGHER, | ) | |
| LAWRENCE ONYESONWU Officer, | ) | |
| J. GILMER Officer, | ) | |
| S. BECKER Officer, | ) | |
| L. STORM Lieutenant, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Rejecting Complaint Based on Misjoinder
And Directing Further Proceedings**

**I. Background**

The plaintiff Lionel Gibson ("Mr. Gibson"), is a prisoner currently incarcerated at the Miami Correctional Facility. All of his allegations arise from incidents that occurred at the New Castle Correctional Facility ("New Castle").

Mr. Gibson has paid the initial partial filing fee. The complaint, filed on January 10, 2017, is now subject to the screening requirement of 28 U.S.C. § 1915A(b). This statute directs that the Court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II. Discussion of Complaint

The complaint is brought under 42 U.S.C. § 1983 and names the following defendants: 1) the GEO Group; 2) Angie Price; 3) Keith Butts; 4) Robert Bugher; 5) Officer Lawrence Onyesonwu; 6) Officer J. Gilmer; 7) Officer S. Becker; and 8) Lt. L. Storm. Mr. Gibson seeks compensatory and punitive damages.

Mr. Gibson's claim against the GEO Group is that it had policies that led to Mr. Gibson being subjected to excessive force, denied of due process, denying an impartial decision-maker in a disciplinary hearing, and in denying him access to the courts. Mr. Gibson alleges no facts from which the Court can infer the existence of any such policies.

Mr. Gibson alleges that he was attacked by other inmates on January 11, 2016, and that before the attack, he had given Unit Manager Angie Price notice of being threatened by an offender who was recently housed at New Castle, all in violation of his Eighth Amendment rights. He also alleges that Officer Onyesonwu failed to protect him from the attack.

Mr. Gibson also alleges that Angie Price was the hearing officer in the resulting disciplinary action in which he was charged with assault, and that she was not impartial in that position. He alleges that Warden Butts and Robert Bugher denied his appeals in the disciplinary action. His finding of guilty and sanctions were ultimately vacated and

rescinded in his federal habeas case, on September 21, 2016, in 1:16-cv-0834-SEB-MJD. He brings these claims as violations of his due process rights. He seeks compensation for the 140 days he alleges he spent in segregation as a result of the disciplinary charge.

Mr. Gibson alleges that he was denied access to the courts when he was held on strip cell status at a time that prevented him from filing a timely notice of appeal of a denial of a motion to correct an erroneous sentence in Lake County Superior Court. He brings this claim against Warden Keith Butts and Lt. Storm. He does not allege facts as to whether his appeal would have been meritorious.

Mr. Gibson also brings excessive force and/or failure to protect claims under the Eighth Amendment against Officers Onyesonwu, Gilmer, and Becker.

This summary of Mr. Gibson's claims reveals that, as filed, the complaint violates the joinder of claims limitation of the *Federal Rules of Civil Procedure*. "Unrelated claims against different defendants belong in different suits …." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Rule 20 of the *Federal Rules of Civil Procedure* allows joinder of multiple defendants only when 1) the allegations against them involve the same transaction or occurrence and, 2) common questions of fact and law will arise as to all defendants. No claim is brought against all of the defendants. The plaintiff's claims are not related in time or participants. Rather, they relate to several separate events that occurred at different times and under different circumstances. They belong in different lawsuits. Therefore, the complaint, as presented, must be **rejected.**

### III. Further Proceedings

The plaintiff shall have **through March 28, 2017,** in which to file an amended complaint incorporating only properly related claims. If this means he can only properly file one complaint for each claim, that is what he should do. He may choose which claim to file in this case as an "amended complaint," and may also file additional new lawsuits for any other claims he wishes to pursue. He will owe a filing fee for each lawsuit filed.

In submitting an amended complaint, the plaintiff shall conform to the following guidelines:

- The amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . .";

- The amended complaint shall comply with the requirement of Rule 10 that the allegations in a complaint be made in numbered paragraphs, each of which should recite, as far as practicable, only a single set of circumstances; and

- The amended complaint must identify what legal injury he claims to have suffered and what persons are responsible for each such legal injury.

Any amended complaint shall have the proper case number, 1:17-cv-00092-LJM-DKL, placed on the front page. If an amended complaint is filed as directed in this Entry, the Court will screen it as required by 28 U.S.C. § 1915A. If no amended complaint is filed, the action will be dismissed in its entirety for the reasons set forth in this Entry without further notice to the plaintiff.

The plaintiff shall inform the Court of any change of address within seven (7) days of the change.

**IT IS SO ORDERED.**

Date: _____2/27/2017_____   _____/s/ Larry J. McKinney_____
  LARRY J. McKINNEY, JUDGE
Distribution:  United States District Court
  Southern District of Indiana

LIONEL GIBSON, 104608
MIAMI CORRECTIONAL FACILITY
Inmate Mail/Parcels
3038 West 850 South
BUNKER HILL, IN 46914