UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LIONEL GIBSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:17-cv-00092-LJM-DML |
| | ) | |
| THE GEO GROUP, | ) | |
| ANGIE PRICE, | ) | |
| KEITH BUTTS, | ) | |
| ROBERT BUGHER, | ) | |
| LAWRENCE ONYESONWU Officer, | ) | |
| J. GILMER Officer, | ) | |
| S. BECKER Officer, | ) | |
| L. STORM Lieutenant, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Amended Complaint, Dismissing Insufficient Claims,
And Directing Service of Process**

**I. Background**

Plaintiff Lionel Gibson ("Mr. Gibson"), is a prisoner currently incarcerated at the Miami Correctional Facility. All of his allegations arise from incidents that occurred at the New Castle Correctional Facility ("New Castle"). His original complaint, filed on January 10, 2017, was rejected because the claims were misjoined. Mr. Gibson was given an opportunity to file an amended complaint that included only properly related claims.

Mr. Gibson's amended complaint, filed on March 27, 2017, is now subject to the screening requirement of 28 U.S.C. § 1915A(b). This statute directs that the Court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II. Discussion of Amended Complaint

The amended complaint is brought under 42 U.S.C. § 1983 and names the following defendants: 1) the GEO Group; 2) Angie Price; 3) Keith Butts; 4) Robert Bugher; 5) Officer Lawrence Onyesonwu; 6) Officer J. Gilmer; 7) Officer S. Becker; and 8) Lt. L. Storm. Mr. Gibson seeks compensatory and punitive damages and injunctive relief.

*Excessive Force/Failure to Protect Claims*

Mr. Gibson alleges that he was assaulted by two other inmates on January 11, 2016. He alleges that Officer Onyesonwu watched him get assaulted and stopped other offenders from breaking up the fight. Officer Onyesonwu allegedly failed to protect Mr. Gibson from the attack and allowed it to go on for five minutes before calling for assistance.

When Officers Beck and Gilmer responded, they allegedly used excessive force against and failed to protect Mr. Gibson when they sprayed him in the eye with a form of pepper spray that burned and blinded him, allowing another offender to stab him in the eye with a shank.

Mr. Gibson alleges that months before the attack, he had told Unit Manager Angie Price that his safety was in jeopardy, but she did nothing.

*Due Process Claims*

Mr. Gibson also alleges that Angie Price was the hearing officer in the resulting disciplinary action in which he was charged with assault, and that she was not impartial in that position. He alleges that Warden Butts and Robert Bugher denied his appeals in the disciplinary

action. The guilty finding and sanctions were ultimately vacated and rescinded on September 21, 2016, after he filed his federal habeas case in 1:16-cv-0834-SEB-MJD. He brings these civil rights claims as violations of his due process rights. He seeks compensation for the 140 days he alleges he spent in segregation as a result of the disciplinary charge.

A plaintiff does not have a constitutional right to avoid false disciplinary charges. *Lagerstrom v. Kingston,* 463 F.3d 621, 624-25 (7th Cir. 2006) (due process rights are not violated if a false conduct report is filed). To state a due process claim, the condition alleged must create an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The Court considers "all of the circumstances of a prisoner's confinement in order to ascertain whether he has been deprived of liberty within the meaning of the due process clause." *Kervin v. Barnes,* 787 F.3d 833, 836 (7th Cir. 2015) (internal quotation omitted). The only condition Mr. Bennett alleges as a result of his disciplinary conviction was a 90 day placement in disciplinary segregation. (Dkt. 15-1, No. 1:16-cv-0834-SEB-MJD, the disciplinary segregation lasted from January 11, 2016, until April 10, 2016). Because he lacks additional allegations of conditions that were "a dramatic departure from the basic conditions of [the prisoner's] sentence," *Kervin,* 787 F.3d at 835, the due process claims against Angie Price, Warden Butts, and Robert Bugher are **dismissed for failure to state a claim upon which relief can be granted.**

*Denial of Access Claims*

Mr. Gibson next alleges that he was denied access to the courts when he was held on strip cell status at a time that prevented him from filing a timely notice of appeal of a denial of a motion to correct an erroneous sentence in Lake County Superior Court. He brings this claim against GEO Group, Angie Price and Lt. Storm. He alleges that GEO Group had a policy that

allowed him to be held without access to the courts while being transferred from one area of prison to another. He alleges that after he was assaulted on January 11, 2016, he was transferred to a cell where he had no access to his legal papers for 14 days.

To state a denial of access to the courts claim, a plaintiff must allege a resulting injury, meaning that "some action by the prison has frustrated or is impeding an attempt to bring a nonfrivolous legal claim." *In re Maxy,* 674 F.3d 658, 661 (7th Cir. 2012). Mr. Gibson has alleged sufficient facts for the Court to conclude that the claim he attempted to bring was not prevented by prison employees and was a frivolous claim.

The records filed by Mr. Gibson reflect that he filed a motion to correct erroneous sentence on December 10, 2015, in *Indiana v. Gibson*, 45G03-9703-CF-00043. That motion was denied on December 14, 2015, as *res judicata* because sentencing issues were addressed in his petition for post-conviction relief. In denying his motion to correct sentence, the state court stated that Mr. Gibson had failed to timely appeal the denial of his petition for post-conviction relief and that "[t]he defendant cannot circumvent his failure to timely appeal by filing this pleading." Dkt. 1-2, p. 21.

Mr. Gibson appealed the denial of his motion to correct erroneous sentence. To be timely, his appeal of that ruling would have to have been filed within 30 days of the December 14, 2015, order, or January 13, 2016. His notice of appeal was filed January 4, 2016, but it was refused for filing because it was not filed in the proper forum. Dkt. 1-2, p. 22. Mr. Gibson submitted a second notice of appeal on January 10, 2016, which was received on January 15, 2016. Dkt. 1-2, p. 54. The trial court allegedly refused to process the second notice of appeal, notice of which Mr. Gibson received on January 20, 2016. Dkt. 1-2, p. 55.

Mr. Gibson submitted another notice of appeal on January 28, 2016, and it was filed on February 2, 2016. Dkt. 1-2, p. 45. The State moved to dismiss the "third" notice of appeal as untimely. Dkt. 1-2, p. 49. Mr. Gibson resisted the State's motion to dismiss the appeal and explained all of the circumstances surrounding the timing of his appeal, including his lack of understanding of "proper forum" and his subsequent inability to access his legal materials from January 11, 2016, until January 22, 2016. Dkt. 1-2, pp. 52-58. Nonetheless, on May 26, 2016, the Indiana Court of Appeals denied his notice of appeal as untimely. *Gibson v. State of Indiana*, 45A03-1602-CR-232; dkt. 1-2, p. 59.

In sum, Mr. Gibson filed two appeals before the January 11, 2016, assault, both of which were denied. The fact that he was confined in segregation for a period of two weeks *after* the appeal deadline passed has no bearing on the timeliness of his appeal.

Moreover, Mr. Gibson has not shown how the original denial of his motion to correct erroneous sentence was unlawful nor has he effectively disputed the state court's ruling that that motion could not circumvent his failure to timely appeal his prior petition for post-conviction relief. Dkt. 1-2, p. 21. Hence, his allegations do not support a claim that his untimely appeal constituted a nonfrivolous legal claim.

For both of these reasons, Mr. Gibson's effort to blame his untimely appeal on prison officials is meritless. His denial of access claims against defendants GEO Group, Angie Price, and Lt. Storm are **dismissed for failure to state a claim upon which relief can be granted.**

No final judgment shall issue at this time with regard to the claims dismissed in this Entry.

Mr. Gibson's excessive force and/or failure to protect claims under the Eighth Amendment against Officers Onyesonwu, Gilmer, Becker, and Angie Price shall proceed.

### III. Service of Process

The clerk is designated pursuant to *Fed. R. Civ. P.* 4(c) to issue process to Officer Lawrence Onyesonwu, Officer J. Gilmer, Officer S. Becker, and Angie Price in the manner specified by Rule 4(d). Process shall consist of the amended complaint filed on March 27, 2017 (docket 11), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

The clerk **shall update the docket** to reflect that claims against the GEO Group, Keith Butts, Robert Bugher, and Lt. Storm have been **dismissed from this action.**

**IT IS SO ORDERED.**

Date: __4/21/2017__

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

**NOTE TO CLERK:** **PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.**

Distribution:

LIONEL GIBSON, 104608
MIAMI CORRECTIONAL FACILITY
Inmate Mail/Parcels
3038 West 850 South
BUNKER HILL, IN 46914

Officer Onyesonwu
NEW CASTLE CORRECTIONAL FACILITY
1000 Van Nuys Road.
P. O. Box E
NEW CASTLE, IN 47362

Distribution Continued on Page 7

Officer Gilmer
NEW CASTLE CORRECTIONAL FACILITY
1000 Van Nuys Road.
P. O. Box E
NEW CASTLE, IN 47362

Officer Becker
NEW CASTLE CORRECTIONAL FACILITY
1000 Van Nuys Road.
P. O. Box E
NEW CASTLE, IN 47362

Angie Price
NEW CASTLE CORRECTIONAL FACILITY
1000 Van Nuys Road.
P. O. Box E
NEW CASTLE, IN 47362